|||
|---|---|
| ANTHONY SMITH, | No. C 15-695 LB |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | [Re: ECF No. 1] |
| PUBLIC DEFENDER'S OFFICE OF ALAMEDA COUNTY, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

## INTRODUCTION

Anthony Smith, an inmate currently at the Salinas Valley State Prison, has filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A. This order dismisses the complaint and requires Mr. Smith to file an amended complaint.

## STATEMENT

Mr. Smith's complaint is rather short on details. He appears to contend that he has received inadequate representation in the criminal justice system, although he does not allege any facts as to what the Alameda County Public Defender's Office has done that amounts to a violation of his rights. Not only does he not allege any facts, Mr. Smith tries to convey his point by analogizing his situation to that of a defective car. *See, e.g.,* Docket # 1 at 5 ("I, like car (or cars), is damaged in

many parts. . . . I have been abused, my representation and service people are not up to par, and fairness deserves a recall, and a new up to date car, until this defect is pinpointed").

## ANALYSIS

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint fails to state a claim upon which relief may be granted. First, and most important, Mr. Smith does not allege facts showing that one or more of his constitutional rights have been violated. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). A plaintiff's "obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56, (2007) (citations omitted). Mr. Smith should not compare himself to a car or anything else in his amended complaint, and instead should write a simple statement describing what happened or failed to happen that caused a violation of his rights.

Second, in his amended complaint, Mr. Smith must be careful to allege facts showing the basis for liability for each defendant for each of his legal claims. He should link each defendant by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See*

C 15-695 LB
ORDER          2

*Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Third, plaintiff may be attempting to seek damages for inadequate representation by his public defender, but state court criminal defendants cannot sue their lawyers in federal court for most lawyer-type mistakes. A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981); *cf. Vermont v. Brillon*, 556 U.S. 81, 84 (2009) (state court erred in ranking assigned counsel essentially as state actors for purposes of evaluating speedy trial claim). If plaintiff wants to pursue a claim against the Alameda County Public Defender's Office, or any individual public defender, for something other than deficient legal representation, he should so allege in his amended complaint.

Fourth, the complaint may call into question the validity of Mr. Smith's conviction or sentence, but that is not allowed under the *Heck* rule. The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. *See id.* at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or sentence -- would imply that the conviction or sentence was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction *in* a civil rights action for damages; the decision must have been successfully attacked *before* the civil rights action for damages is filed. The *Heck* rule was first announced with respect to an action for damages, but the Supreme Court has since applied the rule to an action that sought declaratory relief as well as damages. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). If success in the § 1983 action would "necessarily demonstrate the invalidity of confinement or its duration," the § 1983 action is barred no matter the relief sought (i.e., damages or equitable relief) as long as the conviction has not been set aside. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In his amended

complaint, Mr. Smith may only allege claims that do not call into question the validity of an existing conviction or sentence.

If Mr. Smith wants to challenge his state court conviction or sentence in federal court, he may file a petition for writ of habeas corpus after he exhausts state court remedies for each and every claim he wishes to present to the federal court. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED WITH LEAVE TO AMEND**. The amended complaint must be filed no later than **March 30, 2015**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Smith is cautioned that his amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he does not need to plead again any claim the court has dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). If Mr. Smith does not file an amended complaint, the action will be dismissed.

**IT IS SO ORDERED.**

Dated: February 27, 2015

_____
LAUREL BEELER
United States Magistrate Judge