1

2

3

4

5

6

7

8            UNITED STATES  DISTRICT COURT

9              Northern District of California

10                 San Francisco Division

11

12   ANTHONY SMITH,                          No. 15-cv-695 LB

13                  Plaintiff,               **ORDER OF DISMISSAL**

14       v.                                  [Re: ECF Nos. 20-24]

15   PUBLIC DEFENDER'S OFFICE OF
     ALAMEDA COUNTY,
16

17                  Defendant.

18   _____/

                            **INTRODUCTION**
19

20       Anthony Smith, an inmate currently at the Salinas Valley State Prison, has filed this *pro se*

21   prisoner's civil rights action under 42 U.S.C. § 1983.  The court reviewed his complaint and

22   dismissed it with leave to amend.  The court extended the deadline for an amended complaint

23   several times, so that Mr. Smith eventually had more than three months to prepare his amended

24   complaint.  Mr. Smith has filed an amended complaint (ECF No. 20) and several other documents

25   (ECF Nos. 21-24) which the court construes to be amendments to the amended complaint.  His

26   amended complaint as amended is now before the court for review under 28 U.S.C. § 1915A.  This

27   order dismisses the action without prejudice to Mr. Smith's filing a new action for a writ of habeas

28   corpus and without prejudice to Mr. Smith's filing a new civil rights action if he ever has his

     convictions set aside.

**STATEMENT**

Before turning to the allegations of the amended complaint as amended, it is helpful to describe three convictions Mr. Smith as suffered that form the basis for his claims.  Mr. Smith was convicted in Alameda County Superior Court in 2002 of vehicle theft; on March 15, 2002, he received a sentence of one year and four months for that offense.  (ECF No. 20 at 4.)  Mr. Smith was convicted in Alameda County Superior Court in 2007 of first degree residential burglary, and was found to have suffered five prior serious felony convictions and three prior prison terms; he was sentenced to a total term of 38 years to life in prison.  (ECF No. 21 at 4.)  A state court docket sheet shows that Mr. Smith appealed from that conviction, *see  People v. Smith*, Cal. Ct. App. No. A119777; his conviction was affirmed on  March 16, 2009, and the California Supreme Court denied review on May 20, 2009.   In 2008, Mr. Smith faced additional criminal charges, including robbery with prior convictions, in a separate case in Alameda County Superior Court.  (*See* ECF No. 24 at 5.) A state court docket sheet shows that Mr. Smith appealed from a conviction in that case, *see People v. Smith*, Cal. Ct. App. No. A127404; his conviction was affirmed on August 24, 2011, with a limited remand for a sentence correction, and the California Supreme Court denied review on November 16, 2011. (The appellate history for the burglary and robbery convictions was obtained by using the docket numbers provided on the paperwork from Mr. Smith and searching the docket sheets available at www.appellatecases.courtinfo.ca.gov.)

Mr. Smith's filings very difficult to understand, but it is clear that he is seeking damages and possibly other relief based on problems that occurred during several of his criminal cases.  In his amended complaint, Mr. Smith alleged that the judge and prosecutor violated his rights in the criminal case that led to his 2002 conviction for vehicle theft.  (ECF No. 20.)   He challenges the sufficiency of the evidence to support the conviction in that case, and alleges that the prosecutor and judge did not properly advise him regarding the plea.  Mr. Smith alleged that the vehicle theft conviction "is what eligible-izes the 3 strikes law, and without it, I am not suited for the 3 strikes." (*Id.* at 2 (errors in source).)

Mr. Smith also filed several other documents that the court construes to be amendments to his amended complaint.  In a document entitled "quick minute," Mr. Smith alleged errors in his 2007

UNITED STATES DISTRICT COURT
For the Northern District of California

burglary case, i.e., that there was a double jeopardy violation and an unlawful search and seizure. (ECF No. 21.)  In a document entitled "judicial notice," Mr. Smith appeared to challenge the sufficiency of the evidence to support the 2007 burglary conviction and his exercise of his *Faretta* rights.  (ECF No. 22.)  He requested damages and injunctive relief from his confinement.  (*Id.* at 5, 6.)  He also submitted a copy of his "petition for writ of habeas corpus and mandate" filed in Alameda County Superior Court in 2009 in which he alleged errors in his state court prosecution for burglary.  (ECF No. 23.)  Mr. Smith also filed a document entitled both "update and addressance" and "continuance of amended complaint and request for extension."  (ECF No. 24 (errors in source).)  In that document, he complained that court and jail limitations were impeding his exercise of his *Faretta* rights in the 2008 robbery case in Alameda County Superior Court.  (ECF No. 24 at 5-8.)  In that filing, Mr. Smith also sought an extension of time to file further claims pertaining to his criminal cases.

## ANALYSIS

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).  *Pro se* complaints must be liberally construed.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The amended complaint, as amended, fails to state a claim upon which relief may be granted. Mr. Smith alleges claims for damages for constitutional violations that occurred in his prosecutions for vehicle theft, burglary and robbery.  The *Heck* rule precludes Mr. Smith from suing for damages or equitable relief at this time for the alleged constitutional violations in connection with his criminal trials.  *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil

1   rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by

2   actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or

3   sentence already has been determined to be wrongful.  *See id.* at 486-87.  Although the *Heck* rule

4   initially was announced with regard to an action for damages, the Supreme Court has since clarified

5   that *Heck* applies when equitable relief is sought.  *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

6   A conviction or sentence may be determined to be wrongful by, for example, being reversed on

7   appeal or being set aside when a state or federal court issues a writ of habeas corpus.  *See Heck*, 512

8   U.S. at 486-87.  The *Heck* rule also prevents a person from bringing an action that -- even if it does

9   not directly challenge the conviction or sentence -- would imply that the conviction or sentence was

10  invalid.  The practical importance of this rule is that a plaintiff cannot attack his conviction *in* a civil

11  rights action for damages or equitable relief; the decision must have been successfully attacked

12  *before* the civil rights action is filed.

13      *Heck* bars Mr. Smith's claims for alleged constitutional violations in the criminal proceedings

14  against him that led to his convictions for vehicle theft, burglary and robbery.  His causes of action

15  for damages will not accrue unless and until Mr. Smith's convictions are set aside.  Mr. Smith has

16  not alleged that any of the three convictions has been set aside, and all indications are that none of

17  them have been set aside.  His allegation that the 2002 vehicle theft conviction made him eligible for

18  three strikes sentencing in the burglary case shows that the vehicle theft conviction was never set

19  aside.  His appeals from the 2007 burglary conviction and 2008 robbery conviction were

20  unsuccessful. He remains in prison.  There is no reason to grant Mr. Smith further leave to amend

21  because further amendment would be futile due to the *Heck* rule..

22      Mr. Smith requested a further extension of the deadline for his amended complaint, apparently so

23  he can draft additional claims regarding his criminal cases.  A further extension of the deadline will

24  not be granted because (a) Mr. Smith has already had more than four months to prepare his amended

25  complaint and (b) additional challenges to his convictions also would be barred by the *Heck* rule.

26  Mr. Smith's motion for an extension of the deadline to file an amended complaint is DENIED.

27  (ECF No. 24.)

28

UNITED STATES DISTRICT COURT
For the Northern District of California

1    If Mr. Smith wants to challenge a state court conviction in federal court and has not already done

2    so, he must file a petition for writ of habeas corpus because a petition for writ of habeas corpus is the

3    exclusive method by which he may challenge a state court conviction in this court.  *Preiser v.*

4    *Rodriguez*, 411 U.S. 475, 500 (1973).  Mr. Smith should be aware of two important limits.  Before a

5    state court prisoner may file a federal habeas petition, he must exhaust state judicial remedies, either

6    on direct appeal or through collateral proceedings, by presenting the highest state court available

7    with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court.

8    *See* 28 U.S.C. § 2254(b)(1)(A),(c); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).  A federal habeas

9    petition must be filed before the expiration of the one-year statute of limitations deadline in 28

10   U.S.C. § 2244(d).

11   If Mr. Smith ever has any of his convictions set aside, he then may file a new civil rights action

12   in which he can assert claims for violations of his constitutional rights with regard to the conviction

13   that has been set aside.

### CONCLUSION

15   For the foregoing reasons, this action is dismissed.  The amended complaint as amended fails to

16   state a claim upon which relief may be granted, and further leave to amend will not be granted

17   because it would be futile.  This dismissal is without prejudice to Mr. Smith filing a civil rights

18   action for damages if his criminal convictions are ever set aside and without prejudice to Mr. Smith

19   filing a federal habeas petition to challenge each of his convictions.  The clerk shall close the file.

20   Mr. Smith's motion for a further extension of time to amend is DENIED.  (ECF No. 24.)

21   **IT IS SO ORDERED.**

22   Dated: September 4, 2015

LAUREL BEELER
United States Magistrate Judge